UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2848-JHN-AJWx | Date | June 18, 2010 |
|---|---|---|---|
| Title | Lorraine Walters v. Sunrise Assisted Living of West Hills et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER GRANTING MOTION TO REMAND and REMANDING CASE TO LOS ANGELES SUPERIOR COURT (In Chambers)

## I. FACTS AND LEGAL PROCEEDINGS

On or about September 2, 2008, Plaintiff was diagnosed with breast cancer. (Compl., ¶ 11.) Plaintiff had been granted medical leave and was placed on disability while undergoing treatment, but on or about December 5, 2008, Plaintiff received a letter informing her that her work position was being terminated due to her inability to return to work by December 8, 2008. (Compl., ¶¶ 11,16.) Plaintiff filed suit in Los Angeles County Superior Court on March 18, 2010 against Sunrise Assisted Living of West Hills and Does 1 through 100, inclusive. Plaintiff alleged that "at no time did Defendants attempt to reasonably accommodate Plaintiff's disability, and at no time did Defendants attempt to engage in the interactive process in an attempt to find Plaintiff alternative employment within her work restrictions." (Compl., ¶ 21.) Plaintiff's complaint contained the following causes of action: Disability Discrimination; Failure to Accommodate a Disability; Failure to Participate in the Interactive Process; Wrongful Termination; Violation of California Family Rights Act; Intentional infliction of Emotional Distress; Failure to Produce Payroll Records; Failure to Pay all Wages Due and Owed at Time of Termination.

Defendant Sunrise Senior Living, Inc. filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446 on April 16, 2010, on the ground that "(1) there exists diversity of citizenship among the parties to this lawsuit and (2) the amount in controversy exceeds $75,000." (Docket no. 1, ¶ 3.) The Notice of Removal stated that Defendant had been incorrectly named as Sunrise Assisted Living of West Hills. (*Id.* at 1.) Defendant filed an Answer to the Complaint on April 23, 2010. (Docket no. 7.) Defendant filed an amended Answer to the Complaint on May 11, 2010. (Docket no. 9.) On May 17, 2010, Plaintiff filed a Motion to Remand. (Docket no. 15.) Defendants filed an opposition to this motion on June 7, 2010. (Docket no. 17.) The Court has considered the pleadings filed in this matter and deems it appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2848-JHN-AJWx | Date | June 18, 2010 |
|---|---|---|---|
| Title | Lorraine Walters v. Sunrise Assisted Living of West Hills et al. | | |

## II. LEGAL STANDARD

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)). When a state court complaint does not specify an amount in damages, a defendant removing to federal court must prove, by a preponderance of the evidence, that the matter in controversy meets the required jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The removing party bears the burden of "proving the *facts* to support jurisdiction, including the jurisdictional amount. . . . by a preponderance of evidence." *Gaus*, 980 F.2d at 566–67 (emphasis added and removed). A "mere averment" that the amount in controversy exceeds $75,000 is insufficient. *Id*. at 567. Neither does an allegation based on information and belief constitute proof by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "If the amount in controversy is not clear on the face of the complaint . . . defendant must . . . submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

## III. DISCUSSION

A. Diversity of Citizenship

Plaintiff's Motion to Remand states that Defendant's Notice of Removal is defective because "there is no statement that the parties are of diverse citizenship." (Docket no.15 at 6.) However, the Defendant's Notice of Removal specifies that Plaintiff is a resident of California and Defendant is incorporated in Virginia with its principal place of business in Virginia. (Notice of Removal, ¶ 4.) Plaintiff's Motion to Remand further alleges that Defendant has failed to establish complete diversity as "all evidence points to SALWH being a California entity. (Docket no.15 at 6.) However, Defendant's Notice of Removal states that the Complaint incorrectly named the Defendant, and contains a Declaration of Maryann Owen stating that Sunrise Senior Living Management, Inc. is a Virginia corporation with its principal place of business. Thus, Defendant has carried its burden in establishing complete diversity of citizenship.

B. Amount in Controversy

Defendant's Notice of Removal acknowledges that Plaintiff does not directly specify the amount of damages sought in her complaint. (Notice of Removal, ¶ 5.) Defendant cites a string of cases "as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2848-JHN-AJWx | Date | June 18, 2010 |
|---|---|---|---|
| Title | Lorraine Walters v. Sunrise Assisted Living of West Hills et al. | | |

evidence of California courts awarding substantial sums to a plaintiff for compensatory/emotional distress damages, punitive damages, and attorneys' fees in discrimination cases alleging violations of the FEHA and California public policy[.]" (*Id.*)  Because this case was removed from state court to federal court "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]"  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938).  Although Defendant has cited some authority to show that Plaintiff *may* recover damages exceeding $75,000, Defendant has failed to cite *facts* that prove by a preponderance of the evidence that damages sought by Plaintiff meet the jurisdictional amount required by 28 U.S.C. § 1332(a).  *See Sanchez*, 102 F.3d at 404; *see also Silvia v. Sears Holding Corp.*, No. 09cv2881-L(CAB), 2010 WL 399116, at *2 (S.D. Cal. Jan. 28, 2010) ("While the court accepts the premise . . . that damages in employment discrimination cases can exceed the jurisdictional amount, the citations do not satisfy the burden to show that it is more likely than not that the jurisdictional amount is met in this case"); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) (holding that despite submission of jury verdicts, "[t]he court has not been presented with any *facts* that would support an award of punitive damages in this case") (emphasis added).  The Court lacks subject matter jurisdiction because there is no showing that this case meets the amount in controversy requirement.  As such, the Court remands the case to state court.  *See Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED, and this action is **REMANDED** to the Los Angeles County Superior Court pursuant to 28 U.S.C. § 1447(c).

**The hearing set for June 28, 2010 is hereby vacated.**

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |